## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JESSIE DOTSON,

    Petitioner,

v.                                                     Case No. 2:24-cv-02053-MSN-cgc

ZAC POUNDS,                                 CAPITAL CASE

    Respondent.

## ORDER

    Petitioner Jessie Dotson ("Petitioner"), a prisoner in state custody confined under a sentence of death at Riverbend Maximum Security Institution, has filed, through appointed counsel, a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1.)

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Clerk shall send a copy of the § 2254 petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. Respondent shall not be required to file an answer until the amended petition is filed. *See* Habeas Rule 5.

    Within **60 days** of service of the petition, Respondent shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the record (*e.g.*, plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions,

verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.).  The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.  *See* Administrative Order 16-31.  After the record is filed, the parties shall cite to the state court record using the PageID No. provided in CM-ECF.

Within **60 days** of the filing of the state court record, Petitioner's counsel shall file an amended petition that complies with Habeas Rule 2.  The amended petition shall separately enumerate each alleged ground for relief, and, in addition to the information required by Habeas Rule 2 and the standard form referenced therein, each such ground for relief shall be fully briefed with citations to the relevant portions of the state court record and to governing Supreme Court precedent.  For each claim, the petition shall: (1) state whether the claim was exhausted in state court; and if so, (2) cite the state court's ruling on the claim; (3) identify the clearly established Supreme Court precedent governing the claim; (4) explain the basis upon which Petitioner seeks relief under 28 U.S.C. § 2254(d); and (5) present a factual and legal argument in support of the purported basis for relief.  To the extent Petitioner asserts that he is entitled to *de novo* review of a habeas claim, Petitioner shall make that assertion in his amended petition, present an argument as to why § 2254(d) does not apply to the claim, and explain why he is entitled to habeas relief.  In all subsequent filings before the Court, the parties shall reference Petitioner's grounds for relief by the number assigned to them in the amended petition.

Petitioner has indicated that there is a pending Petition to Determine Ineligibility To Be Executed Pursuant To Tenn. Code Ann. § 39-13-203 in the state court. (*See* ECF No. 1 at PageID 20, 37.)  Petitioner shall file any motion for a stay of federal habeas proceedings because of the pending state court petition or other unexhausted claims with the filing of the amended petition.

Within **60 days** of the filing of the amended petition, Respondent shall file his answer pursuant to Habeas Rule 5. The answer shall address each alleged ground for relief and shall be fully briefed with citations to the state court record and to governing Supreme Court precedent. For each claim, the answer shall, at a minimum: (1) assert any procedural defenses; (2) identify the clearly established Supreme Court precedent governing the claim; (3) state whether the claim was exhausted in state court; (4) cite the state court's ruling for exhausted claims; and (5) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriate reasoned legal and factual argument.

Petitioner *may* file a reply to Respondent's answer limited to disputing specific points of fact or law raised by the answer within **30 days** of its filing.

After the filing of the answer, the parties shall confer and address discovery, the need for an evidentiary hearing, and appropriate case management deadlines. Within **60 days** of the filing of Respondent's answer, the parties shall file a **joint statement** providing the Court with information on: (1) any discovery that can be agreed upon by the parties; (2) the need for additional discovery, the specific discovery sought under Habeas Rule 6, the filing of discovery motions and responses, and discovery deadlines; (3) the necessity for an evidentiary hearing and pre-hearing deadlines for exchange of exhibit and witness lists; and (4) a list of each claim in the amended petition that Respondent contends is procedurally defaulted, the parties' respective positions about the independent rules on which Respondent relies, and Petitioner's argument, if any, to overcome the procedural default. If the parties cannot agree on jointly proposed discovery, hearings, and deadlines, they must submit an explanation for their disagreement, along with their respective positions.

The parties' respective positions should be adequately briefed in their pleadings and joint statement to enable a final ruling from the Court, subject to the Court's determination of the need for additional discovery or an evidentiary hearing.

**IT IS SO ORDERED**, this 13th day of February, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
