IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JESSIE DOTSON,

    Petitioner,

v.

ZAC POUNDS,

    Respondent.

No. 2:24-cv-02053-MSN-cgc
CAPITAL CASE

---

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DENYING MOTION TO CORRECT STATE COURT RECORD, AND LIFTING STAY OF FILING OF AMENDED PETITION**

---

On April 1, 2024, Petitioner Jessie Dotson, through counsel, filed a Motion to Correct State Court Record. (ECF No. 14.) On April 15, 2024, the Warden[1] filed his Response in Opposition to Motion to Correct. (ECF No. 16.) On April 22, 2024, Petitioner filed a Reply in Support of Petitioner's Motion to Correct State Court Record. (ECF No. 17.) For the reasons stated below, the Motion to Correct State Court Record is **DENIED**. The stay on the filing of the amended petition is hereby lifted.

---

[1] The proper respondent to a habeas petition is the petitioner's custodian RMSI Warden Kenneth Nelsen. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004); *see* Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Courts ("Habeas Rules") ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody"). *See* Tennessee Felony Offender Information Lookup, Search - Tennessee Felony Offender Information (last visited November 21, 2025); *see* Tennessee Department of Correction, Riverbend Maximum Security Institution (last visited November 21, 2025). The Clerk is **DIRECTED** to record the respondent as RMSI Warden Kenneth Nelsen and shall terminate all references to Zac Pounds as the respondent. *See* Fed. R. Civ. P. 25(d).

## BACKGROUND

On February 13, 2024, the Court entered an Order that directed the Warden to file the state court record and that set a schedule for filing of pleadings and for discovery. (ECF No. 7.) The Court ordered the Warden as follows:

> Within 60 days of service of the petition, Respondent shall file the complete state court record relevant to this matter, including the complete trial court record, the complete record on direct appeal, the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition. *See* Habeas Rules 5(c) & (d). Respondent's notice of filing shall include a comprehensive index indicating the precise location of each distinct part of the record (e.g., plea proceedings, pre-trial hearing transcripts, voir dire, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The record shall be organized and appropriately indexed, and distinct parts of the record should be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings. *See* Administrative Order 16-31.

(ECF No. 7 at PageID 259.) *See* [Administrative Order 16-31](#) (requiring inclusion of "(1) the complete trial court record; (2) the complete record on direct appeal; and (3) the complete trial and appellate court record in connection with any state petition for collateral relief including, but not limited to, transcripts for all proceedings and rulings on any state petition" and bookmarking "distinct parts of the record").

The Warden filed the state court record on March 12, 2024 (*see* ECF Nos. 8-11), and supplemental portions of the record on April 15, 2024 (*see* ECF No. 15), in response to Petitioner's Motion to Correct State Court Record. (*See* ECF No. 16 at PageID 11938-39.)

Petitioner argues that the state court record needs to be refiled because: (1) the Warden did not file the motions filed in the state appellate court on direct appeal or on post-conviction appeal, or the orders on those motions (ECF No. 14 at PageID 10964); (2) important bookmarks are missing, including but not limited to bookmarks for 35 pretrial pleadings and for defense motions

(*id.* at PageID 10964–65); (3) the Court should modify the CM-ECF redaction rules for this case (*id*. at PageID 10965–68); (4) the Warden's redaction of identifying information is inconsistent; and (5) documents are missing from the record and "other problems" need correction (*id.* at PageID 10968–71).

The Warden asserts that "[l]ingering privacy concerns for surviving victims also weigh in favor of redactions" and that the redactions do not prejudice Petitioner. (ECF No. 16 at PageID 11938.) The Warden contends that the fact that the survivors changed their names does not protect their privacy because both their new and old names are in the record. (*Id*. at PageID 11939.) The Warden has distinguished the surviving children by referring to the oldest surviving child as "CJ", the second oldest as "Ce," and the youngest "C__y__" or "C_a." (*Id.* at PageID 11942.)

The Warden argues that Petitioner failed to request an unredacted version of the state-court record until after the Warden had taken on the "laborious effort" of redacting and filing the nearly 10,000-page record and that Petitioner has waived his motion because he did not request an unredacted version of the record. (*Id*. at PageID 11939–42.) The Warden further argues that Petitioner has an unredacted copy of the record and that the Warden offered to provide Petitioner with an unredacted copy of the record, but that offer was declined. (ECF No. 16 at PageID 11941.) There are no uncured substantive omissions from the record. (*Id*. at PageID 11939.)

The Warden asserts that he has complied with bookmarking requirements. (*Id*. at PageID 11942–43.) The Warden contends that Petitioner's other complaints about the reproduction of the record are immaterial. (*Id.* at 11943–44.)

In reply, Petitioner contends that the record is not accurate or complete, that it has taken significant staff time for Petitioner's legal team to review the record and alert the Court to the mistakes therein, and that Petitioner's staff has been diligent in seeking an accurate and complete

3

state court record. (ECF No. 17 at PageID 11948.) Petitioner asserts that more missing documents and problematic redactions have been found and that Petitioner has not waived his right to an accurate and complete state court record. (*Id.*)

## **ANALYSIS**

Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules") requires the Warden to attach "parts of the transcript that the respondent considers relevant" and the judge may order other parts of transcripts or parts of untranscribed recordings. *See Hall v. Arbogast*, 887 F.2d 1087 (6th Cir. 1989) ("A review of the state court transcript is usually necessary in habeas cases"). Rule 5(d) requires the Warden to attach: (1) any brief filed in an appellate court contesting the conviction, sentence, or an adverse judgment or any order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court; and (3) opinions and dispositive orders in an appellate court relating to the conviction or sentence. Habeas Rule 5(d).

For purposes of habeas review, the Court must have access to the record before the state appellate courts. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("[T]he record under review is limited to the record in existence at that same time *i.e.*, the record before the state court."). The general rule in the Sixth Circuit is that a district court must "make a review of the entire state court trial transcript in habeas cases." *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003) (vacating denial of a Section 2254 petition where the record omitted the transcript of closing arguments from trial). More specifically, the district court must review the "portions of th[e] transcript that are 'relevant to the petitioner's ... claim.'" *Kraus v. Taylor*, 715 F.3d 589, 595 (6th Cir. 2013) (quoting *Nash v. Eberlin*, 437 F.3d 519, 524–25 (6th Cir. 2006)); *see Heiney v. Moore*, 147 F.4th 678, 681–82 (6th Cir. 2025) (noting that it would be an expansion of the rule to include trial transcripts).

4

In the instant case, Petitioner does not contend that the Warden has failed to file relevant transcripts. However, to the extent the motions, orders, or judgments were made a part of the technical record on appeal, those documents, as part of the complete appellate records on direct appeal and post-conviction appeal, should be filed pursuant to the Court's February 13, 2024, Case Management Order (ECF No. 7) and Administrative Order 16-31.

The Court's CM-ECF rules address privacy, compliance with the E-Government Act of 2002, the redaction of certain personal identifiers including but not limited to the names of minor children, dates of birth, and home address information, and the filing of sensitive information under seal in an unredacted version of the document. *See* ECF Policies and Procedure ("ECF Policy Manual"), § 13.4 Privacy (last accessed November 21, 2025).[2] ECF Policy Manual § 13.4.2 states, "[i]f the involvement of a minor child must be mentioned, only the initials of that child shall be used." There were five minor children who were victims in this case, three survivors and two deceased children. *See Dotson v. State*, No. W2019-01059-CCA-R3-PD, 2022 WL 860414, at *1 (Tenn. Crim. App. Mar. 23, 2022). The Court has an interest in protecting the privacy and identities of these minor victims under the Local Rules, ECF Policy Manual, and the Judiciary's Privacy Policy. *See Tafoya v. Martinez*, 787 F. App'x 501, 506 (10th Cir. 2019) (indicating that protecting the identity of a minor victim of a crime is a legitimate ground to restrict public access); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses"); *Crowe v. Capra*, No. 22CIV2274PMHAEK, 2023 WL 7722345, at *1 (S.D.N.Y. Nov. 15, 2023) (finding that

---

[2] *See* Privacy Policy for Electronic Case Files | United States Courts (uscourts.gov) (last accessed November 21, 2025).

safeguarding a minor victim's identity is a "compelling reason" to limit the general public's access to documents).

The Court further has an interest in efficiency and judicial economy. Thus the Court will take measures to reduce repetitive filings, prevent the duplication of work, and advance this case in a timely manner.

**I.** **Appellate Motions**

Petitioner alleges that the Warden did not file "any of the motions filed in the state appellate courts" on direct or post-conviction appeal or the orders on those motions. (ECF No. 14 at PageID 10964.) Petitioner did not specifically identify appellate motions that were missing from the record in the original motion.

On April 15, 2024, the Warden supplemented the state court record to file "relevant omitted portions" that Petitioner identified as missing from the record. (ECF No. 16 at PageID 11938.) At Exhibit 9 of the supplemental filing, the Warden provided motions filed on post-conviction appeal and corresponding orders. (*See* ECF No. 15 at PageID 10980; ECF No. 15-9.) The Warden noted that the appellate court did not provide motions filed while the case was on direct appeal. (ECF No. 15 at PageID 10980 n.2.) The Warden states that "no motion having substantive bearing on this case appears to have been omitted," but the Warden states that, to the extent Petitioner disagrees, the Warden will cooperate with a request to further supplement any properly filed omitted motion. (*Id.*)

In the reply, Petitioner does not directly address the appellate motions and orders or argue that there continues to be a deficiency in the record.

For these reasons, Petitioner's request for Respondent to supplement the record with appellate motions and orders is hereby **DENIED**.

6

## II.     Bookmarks

Petitioner argues that the record is missing many important bookmarks, which will make it difficult for the Court to review the record. (ECF No. 14 at PageID 10964.) As an example, Petitioner points to ECF No. 8-2, asserting that it has only three bookmarks and "is missing bookmarks for 35 pretrial pleadings." (*Id.* at PageID 10964–65.) Petitioner claims he is unable to distinguish "what is bookmarked and what is not." (*Id.* at PageID 10965.) Further, he says, "there are many relevant documents not bookmarked" and not in the index which are relevant to his claims in the petition. (ECF No. 17 at PageID 11953–54.)

The Warden argues that the electronic bookmarks are sufficient and that Petitioner does not allege a specific rule violation or urge a directive for refiling. (ECF No. 16 at PageID 11942.) The Warden contends that he has complied with the Court's order and that "nothing in the Court's order required [the Warden] to bookmark every document in the state's technical record." (*Id.* at PageID 11942–43.) Further, the Warden asserts that highlighting every document in the record defeats the purpose of bookmarking the most relevant documents. (*Id.* at PageID 11943.)

Petitioner asserts that there are other relevant documents which should be bookmarked. (ECF No. 17 at PageID11953–54.) Petitioner seeks to have the Warden bookmark what Petitioner considers to be relevant defense motions. (*Id.* at PageID 11954.)

The Warden has filed a voluminous state court record, indexed and separated into multiple exhibits. (*See* ECF Nos. 8–11, 15.) The Court's Order asked for an index with distinct parts of the record bookmarked and gave examples. (*See* ECF No. 7 at PageID 258–59.) The Court did not require that each motion or each pleading be bookmarked. The emphasis was on transcripts, trial exhibits, jury instructions, the verdicts, briefs on appeal, and the final rulings on appeal and in collateral proceedings. (*Id.*) The Warden has complied with the Court's Order concerning the

electronic bookmarking of the documents filed on the record.

Petitioner's request for additional electronic bookmarks is **DENIED**.

III. **Redactions**

Petitioner further requests that the Court modify the CM-ECF redaction rules for this case and order Respondent to refile the state court record without redacting names or pictures of any of the child victims. (ECF No. 14 at PageID 10965.) Petitioner asserts that he is actively investigating and working with experts to prove his innocence and that the records needs to be clear on which crime scene photos and law enforcement reports relate to which child. (*Id.*) Petitioner points out that, because many of the children have the same initials, the use of initials as required by the CM-ECF rules becomes problematic. (*Id.*) Petitioner contends that the child victims' names are part of the public record and have been included in media reports and that there are no privacy concerns because the children's surnames have been changed. (*Id.* at PageID 10965–66.)

Petitioner points to what he considers to be problematic redactions in the record and asserts that the redactions are "inconsistent and haphazard." (*Id.* at PageID 10966–68.) However, Petitioner has not shown how those redactions affect his investigation of innocence, especially considering that he has an unredacted copy of the record. To the extent Petitioner argues that the federal court record must be clear as to which victim is referenced (*see* ECF No. 17 at PageID 11951–52), the Court, in its review of the record, can require that certain documents be filed under seal if the identity of a victim comes into question.

Petitioner does not state how the Court should modify the redaction rules or address the issue of protecting the minor victims' privacy. Petitioner's argument amounts to an assertion that it is simply unnecessary to protect the minor victims' privacy. This argument does not suffice.

8

Petitioner has not shown good cause for the Court to order Respondent to refile the entire state court record without redactions and has not shown good cause for the Court to modify its redaction policy. The requests to modify the Court's redaction policy and for Respondent to refile the state court record without redactions are **DENIED**.

### IV. <u>Missing Documents</u>

Petitioner asserts that the record is missing many documents and that "other problems" need correction. (ECF No. 14 at PageID 10968–71; *see* ECF No. 17-2.)

Petitioner objects to the form of some of the filings noting that documents are in the middle of an order, that part of the coversheet is cut off, or that the document is in landscape instead of portrait orientation. (ECF No. 14 at PageID 10968–70.) Petitioner objects where the exhibit label was not copied, although it appears that Petitioner was clearly aware of the exhibit number. (*Id.*) These "other problems" do not require further attention from the Respondent as Petitioner does not have the right to have the record filed exactly as he wishes.

Petitioner asserts that the unreported cases attached to certain briefs were not copied and placed in the record. (*Id.* at PageID 10969–71.) Respondent supplemented the record with copies of the unreported cases. (*See* ECF Nos. 15-1 through 15-7.)

Petitioner asserts that the first page of the table of contents for the transcript of evidence is missing at ECF No. 8-26. (ECF No. 14 at PageID 10968.) That page is part of the record in the table of contents for other volumes of the transcript. (*See* ECF No. 8-18 at PageID 2105; ECF No. 8-19 at PageID 2309. *See also* ECF No. 8-20 at PageID 2449.) Respondent supplemented the record with the document. (ECF No. 15-11 at PageID 11936.)

Petitioner asserts that the first page of the medical examiner's diagram (Exhibit 360) (*see* ECF No. 9-5) is missing. (ECF No. 14 at PageID 10970.) Petitioner points to two pages with

9

diagrams, which are labeled page 11 of 12 and 12 of 12. (*See id.*; *see* ECF No. 9-5 at PageID 5541, 5565.) It appears that the pages were merely out of order. Still, Respondent supplemented the record with this document. (*See* ECF No. 15-12.)

Petitioner asserts that the order authenticating certain exhibits is missing from ECF No. 9-7. (*See* ECF No. 14 at PageID 10970.) Respondent supplemented the record with the order. (*See* ECF No. 15-10, PageID 11935.)

Petitioner asserts that the Brief of Appellant before the Tennessee Supreme Court ("TSC") at Volume II is missing. (ECF No. 14 at PageID 10970.) That brief was filed. (*See* ECF No. 9-14.)

In Petitioner's reply, he lists 132 documents in the TSC record that were not filed by Respondent in federal court. (*See* ECF No. 17 at PageID 11948; *see* ECF No. 17-2.) These documents were not mentioned in Petitioner's motion, and the Warden has not addressed the alleged missing documents.

Petitioner asserts that Respondent did not file the sealed *ex parte* post-conviction motions and orders concerning Petitioner's request for experts' assistance, which in are in the TSC record. (ECF No. 17 at PageID 11949.) Petitioner contends that these documents are relevant to his Sixth and Fourteenth Amendment claims and his procedural default argument. (*Id.* at PageID 11949.) Several orders on *ex parte* post-conviction motions are filed in the state court record. (*See* ECF No. 9-40 at PageID 8490–92, 8499–8501, 8513–15, 8624–26, 8672–74.)

Petitioner asserts that Respondent did not file a motion to file an amicus brief filed by the former Tennessee Access to Justice Commission on the issue of denial of expert funds during the post-conviction proceedings. (ECF No. 17 at PageID 11949.) The motions to file an amicus brief, the brief, and the TSC's order granting the motion (*see* ECF Nos. 10-15 through 10-18, 10-20) *are*

10

filed in the state court record.

Petitioner asserts that documents that "may seem to Respondent to be unimportant procedural matters are relevant to this case" and that Petitioner intends to challenge the adequacy of the state court process for protecting his constitutional rights. (ECF No. 17 at PageID 11949.) Petitioner considers relevant motions for extension of time, to suspend page limits, to continue oral argument, and he asserts that orders on those motions are missing. (*Id.* at PageID 11949–50.) Petitioner also considers relevant appellant counsel's claims for attorney's fees. (*Id.* at PageID 11950.) Petitioner asserts that "numerous motions for more time" filed by appellate counsel and post-conviction appellate counsel, opposition to those requests, and the court's rulings were not included in the record. (*Id*. at PageID 11950–51.)

Petitioner considers relevant the missing March 2, 2017 motion to continue the post-conviction evidentiary hearing. (*Id.* at PageID 11950.) The amended post-conviction petition was filed on May 31, 2017 (*see* ECF No. 9-23 at PageID 6872), and a motion to continue the post-conviction hearing was filed in September 2017 (*Id.* at PageID 6952–59). It is unclear from the record or Petitioner's motion the reasons the purported March 2, 2017, would be relevant to Petitioner's federal habeas claims as it appears that the post-conviction hearing was continued.

Petitioner states that the judgment of the Tennessee Court of Criminal Appeals ("TCCA")[3] dated March 23, 2022, is missing. (ECF No. 17 at PageID 11950.) The TCCA's opinion affirming the judgment of the trial court on that date has been filed in the record. (ECF No. 10-7 at PageID 9675.) The judgment is on the public docket and offers no substantive analysis of Petitioner's post-conviction claim. *See* Tennessee Courts, Appellate Case Search, *Jessie Dotson v. State of*

---

[3] Petitioner incorrectly states that it is a judgment of the Tennessee Court of Appeals. (ECF No. 17 at PageID 11950.)

*Tennessee*, No. W2019-01059-CCA-R3-PD, TN Courts (last accessed November 21, 2025). Although it would be convenient to have the judgment filed as part of the state court record, it is unnecessary to address Petitioner's federal habeas claims.

Petitioner asserts that the February 28, 2012 report of the trial court in a first-degree murder cases is missing. (ECF No. 17 at PageID 11950–51.) This report does not appear to be part of the technical record before the TCCA and was not made part of the state court record. However, Petitioner does not indicate how the report relates to his substantive federal habeas claims.

The first document on Petitioner's list of missing documents is the notice of appeal filed on April 1, 2011. (*See* ECF No. 17-2 at PageID 11959.) The notice was filed in the record. (*See* ECF No. 8-4 at PageID 931-32.)

Petitioner's list of missing documents includes *motions* to extend time, appoint private counsel, supplement the record, suspend or exceed page limitations, redesignate lead counsel; continue oral argument, unseal items, for permission to late-file transcripts, for amicus briefs; the corresponding orders; check-out receipts; claims for attorney fees; exhibit sign out sheets; distribution cover sheets; and correspondence. (*See* ECF No. 17-2 at PageID 11959–61.) These documents do not *on their face* address the substantive argument of constitutional claims that would be addressed in a Section 2254 petition.

Because it appears that many of the documents that are listed as missing were filed in the record or provided as a supplement thereto, and because many of the documents do not address the substantive arguments of constitutional claims, Petitioner has not shown good cause—and the Court finds it unnecessary—to require Respondent to supplement the record. Petitioner's request that Respondent file those documents is **DENIED**.

To the extent Petitioner finds that the documents referenced are relevant or necessary to

12

his argument for habeas relief, Petitioner may attach documents not included in the record to a brief as an exhibit and file a motion to expand the record under Habeas Rule 7. Petitioner may file unredacted documents under seal to the extent he finds it is necessary to present his arguments. *See* ECF Policies and Proceedings, § 13.4.1, [LocalRules.pdf](last accessed November 21, 2025).

## CONCLUSION

Petitioner's motion to correct the state court record is **DENIED**.

The stay of filing the amended petition is **LIFTED**. Petitioner shall file the amended petition within 60 days of the Court's order, in accordance with the February 13, 2024, Order. (*See* ECF No. 7 at PageID 259.) The parties shall follow the February 13, 2024, Order for future deadlines.

**IT IS SO ORDERED**, this 21st day of November, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE