**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JESSIE DOTSON, | ) | |
| | ) | |
| **Petitioner,** | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | **No. 2:24-cv-02053-BCL-cgc** |
| | ) | |
| KENNETH NELSEN, Warden, | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO STAY AND ABEY
FEDERAL HABEAS CORPUS PROCEEDINGS**

---

Respondent files this response to Petitioner's motion to stay federal habeas corpus proceedings pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005), and hold them in abeyance while Petitioner litigates his intellectual disability petition in state court. (ECF No. 37). For the reasons set forth below, Respondent does not oppose Petitioner's stay request.

In both his original habeas petition and his amended petition, Petitioner argues, in relevant part, that he is ineligible for the death penalty under *Atkins v. Virginia,* 536 U.S. 304 (2002). (ECF No. 1, PageID 189-95; ECF No. 38, PageID 12450-59.) Currently, Petitioner's *Atkins* claim is unexhausted because he did not present this claim on direct review or post-conviction review. However, Petitioner initiated state-court proceedings prior to the initiation of his federal habeas proceedings in an attempt to exhaust this claim in state court.

On or about May 9, 2022, while pending post-conviction review before the Tennessee Supreme Court, Petitioner filed a petition in state-court to declare him intellectually disabled under the process within Tenn. Code Ann. § 39-13-203(g), which became effective May 11, 2021. (ECF No. 11-13); 2021 Tenn. Pub. Acts, ch. 399, § 2. An evidentiary hearing on the petition is currently

scheduled for February 2027.  Although Respondent contests the meritorious nature of Petitioner's *Atkins* claim, a state court remedy is available to Petitioner to attempt to exhaust his claim. Because it does not appear that Petitioner's stay request is dilatory in nature and because state court disposition on Petitioner's pending intellectual disability petition is germane to the disposition of Petitioner's amended habeas petition, Respondent does not oppose Petitioner's request for a stay under *Rhines*.

Most importantly, Respondent's decision not to oppose Petitioner's request for a stay is not to be construed or otherwise interpreted by Petitioner or this Court to mean that Respondent endorses the merits of Petitioner's *Atkins* argument.  Based on this, Respondent does not oppose holding this proceeding in abeyance until such time Petitioner's state court intellectual disability proceedings have concluded.

Respectfully submitted,

JONATHAN SKRMETTI

Attorney General and Reporter

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 253-1967
Sarah.Stone@ag.tn.gov
B.P.R. No. 038824

2

**CERTIFICATE OF SERVICE**

I certify that the foregoing Response was filed electronically on July 6, 2026. A true and correct copy of that filing was forwarded on the same day by this Court's electronic filing system to Counsel for Petitioner: Katherine Dix, Office of Federal Public Defender, 164 Rosa L. Parks Blvd., Nashville, Tennessee, 37203; katherine_dix@fd.org.

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General